UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-cr-0136-JMS-MJD-1 |
| | ) | |
| JIMMY ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 17, 2015 and the Supplemental Petition dated March 31, 2016 (collectively, "Petition"), and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on June 8, 2016 and June 27, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On June 27, 2016, defendant Jimmy Alexander appeared in person with his appointed counsel, Joe Cleary. The government appeared by Brad Shepard, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Alexander of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Alexander questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Alexander and his counsel, who informed the court they had reviewed the Petition and that Mr. Alexander understood the violations alleged. Mr. Alexander waived further reading of the Petition.

3. The court advised Mr. Alexander of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Alexander was advised of the rights he would have at a preliminary hearing. Mr. Alexander stated that he wished to waive his right to a preliminary hearing.

4. Mr. Alexander stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Alexander executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Alexander of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Alexander, by counsel, stipulated that he committed Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| | |

1   **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

Jimmy Alexander is considered an absconder. The offender was released from the Indiana Department of Correction on January 21, 2015, and was ordered to serve the balance of his 730 day sentence in a Community Corrections Center for a prior Robbery conviction in Marion County from 2008, cause number 08-014420. He was due to be released on July 18, 20105. As the offender was in the community, and available for supervision, his term of supervised release began on January 21, 2015. On June 3, 2015, the offender was given a pass to attend mental health treatment, however, he never returned to the facility. A state warrant was issued for his arrest on June 4, 2015. The offender's whereabouts are unknown and he has failed to contact this officer since he absconded.

2   **"The defendant shall refrain from any unlawful use of a controlled substance."**

The offender submitted a urine screen on May 20, 2015, which tested positive for cocaine and opiates. This officer questioned the offender about this positive drug screen on June 3, 2015. The offender admitted that while out on a pass from the Duvall Center, he smoked crack cocaine and snorted heroin. He admitted he used illegal drugs on another occasion while he was in the Duvall Center.

3   **"The defendant shall not commit another federal, state, or local crime."**

Jimmy Alexander absconded from supervision in June of 2015. On March 10, 2016, he was arrested by an officer of the Indianapolis Metropolitan Police Department and charged with Battery, A-misdemeanor and Theft, Level 6 felony. This case is pending in Marion County Superior Court under cause number 49G181603F6009502. The offender appeared for an initial hearing on March 11, 2016, and a $500 cash bond was ordered. This case is scheduled for a pretrial conference on April 5, 2016.

The police report indicates that on March 10, 2016, police were called to Target, located at 4850 East Southport Road, on a theft in progress and a suspect fleeing after assaulting a loss prevention officer. Police stopped a vehicle which matched the description of the fleeing vehicle. In the vehicle was Jimmy Alexander, and his passenger Eric Seacrest. The Target loss prevention officer was able to identify Jimmy Alexander as the suspect that stole $534 worth of merchandise and then slapped her hands when she

attempted to stop him, and then struck her violently in the chest so he could escape.

7. The court placed Mr. Clark under oath and directly inquired of Mr. Alexander whether he admitted violations 1, 2, and 3 of his supervised release set forth above. Mr. Alexander admitted the violations as set forth above.

8. The Government orally moved to dismiss violation 4 and the Court granted the same.

9. The parties and the USPO further stipulated that:

(a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b) Mr. Alexander's criminal history category is VI.

(c) The range of imprisonment applicable upon revocation of Mr. Alexander's supervised release, therefore, is 21 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a sentence of 21 months with no supervised release to follow. Defendant argued for an alternative sentence of less than 21 months and to include participation in a drug treatment program with supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JIMMY ALEXANDER, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no supervised release to follow. The Court will recommend placement at a facility with a drug treatment program. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Alexander stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Alexander entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Alexander's supervised release, imposing a sentence of imprisonment of twenty-one (21) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Court recommends placement at a facility with a drug treatment program.

IT IS SO RECOMMENDED.

Date: July 8, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal